Mod AO 442 (09/13) Arrest Warrant    AUSA Name & Telno:  Sheb Swett, 212-637-6522

# UNITED STATES DISTRICT COURT

for the

## Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| CHAOYUE ZHAO, a/k/a "Cai," | ) Case No.  20 Cr. |
| | ) |
| | ) |
| | ) |

20 CRIM 129

20 CRIM 129

*Defendant*

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    CHAOYUE ZHAO, a/k/a "Cai"

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

Violation of 18 U.S.C. § 1956(h) (money laundering conspiracy)

Date:    02/13/2020

_____
*Issuing officer's signature*

City and state:    New York, NY

Hon. Robert W. Lehrburger
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____          _____ <br> *Arresting officer's signature* <br><br> _____ <br> *Printed name and title* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA     :
    :      SEALED
       - v. -         :      <u>INDICTMENT</u>
    :
CHAOYUE ZHAO, a/k/a "Cai," and     :    20 Cr.
BRIAN KUNG,                             :
    :     **20 CRIM  129**
         Defendants.       :
- - - - - - - - - - - - - - - - - - -X

### COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1.   From at least in or about 2018, through in or about 2019,
in the Southern District of New York and elsewhere, CHAOYUE ZHAO,
a/k/a "Cai," and BRIAN KUNG, the defendants, and others known and
unknown, intentionally and knowingly did combine, conspire,
confederate, and agree together and with each other to engage in
money laundering offenses, in violation of Title 18, United States
Code, Sections 1956(a)(1)(A)(i), (a)(1)(B), (a)(2)(A), (a)(2)(B),
and 1957(a).

2.   It was a part and an object of the conspiracy that
CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG, the defendants, and
others known and unknown, in an offense involving and affecting
interstate and foreign commerce, knowing that the property
involved in certain financial transactions, to wit, cash
transactions and wire transfers, represented the proceeds of some

form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transactions were designed in whole or in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3.    It was a further part and an object of the conspiracy that CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the

manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

4.   It was a further part and an object of the conspiracy that CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

3

5.    It was a further part and an object of the conspiracy
that CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG, the defendants,
and others known and unknown, transported, transmitted, and
transferred, and attempted to transport, transmit, and transfer,
a monetary instrument and funds from a place in the United States
to and through a place outside the United States, and to a place
in the United States from and through a place outside the United
States, knowing that the monetary instrument and funds represented
the proceeds of some form of unlawful activity, and knowing that
the transaction was designed in whole or in part to conceal and
disguise the nature, the location, the source, the ownership, and
the control of the proceeds of specified unlawful activity, to
wit, (i) felonious narcotics offenses, in violation of Title 21,
United States Code; and (ii) offenses against a foreign nation
involving the manufacture, importation, sale, or distribution of
a controlled substance (as such term is defined for purposes of
the Controlled Substances Act), and to avoid a transaction
reporting requirement under State and Federal law, in violation of
Title 18, United States Code, Section 1956(a)(2)(B).

6.    It was a further part and an object of the conspiracy
that CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG, the defendants,
and others known and unknown, within the United States, in an

4

offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Indictment, CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## SUBSTITUTE ASSETS PROVISION

8. If any of the above-described forfeitable property, as

a result of any act or omission of the defendants:

       a.  cannot be located upon the exercise of due diligence;

       b.  has been transferred or sold to, or deposited with, a third person;

       c.  has been placed beyond the jurisdiction of the Court;

       d.  has been substantially diminished in value; or

       e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

            (Title 18, United States Code, Section 982;
          Title 21, United States Code, Section 853; and
          Title 28, United States Code, Section 2461.)

FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### CHAOYUE ZHAO, a/k/a "Cai," and BRIAN KUNG,

Defendants.

### SEALED
### INDICTMENT

20 Cr.

(18 U.S.C. § 1956)

GEOFFREY S. BERMAN
United States Attorney

_V_ Foreperson

TRUE BILL ARREST WARRANT, SEALED INDICTMENT
MJ LEHRBURGER 2/13/2020 _AR_